IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**LLOYD GEORGE MAXWELL**                                                              **PETITIONER**

VERSUS                                                   CIVIL ACTION NO. 5:10cv151-DCB-MTP

**UNITED STATES**
**AND BRUCE PEARSON, Warden FCI-Yazoo City**                       **RESPONDENTS**[1]

MEMORANDUM OPINION

This matter is before the Court, sua sponte, for consideration of dismissal.  Petitioner, an inmate incarcerated at the Federal Correctional Institute, Yazoo City, Mississippi, filed this petition for habeas relief pursuant to 28 U.S.C. § 2241 on September 20, 2010.  He then filed a supplemental motion to amend [4] on October 13, 2010, which was construed as an amended petition by order dated November 1, 2010.  Upon a review of the petition [1] and amended petition [4], this Court finds as discussed below that the petitioner cannot maintain the instant petition for habeas relief pursuant to 28 U.S.C. § 2241.

Background

Petitioner was convicted in 1988 in the United States District Court of Maryland of conspiracy to possess with intent to distribute cocaine and possession with intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1) and 18 U.S.C. § 2 and he was sentenced to five years imprisonment with a special parole term of four years.  See Pet. [1] at 3.  The United States Court of Appeals for the Fourth Circuit affirmed his conviction on November 29, 1989.  See United States v. Maxwell, 889 F.2d 1085 (4th Cir. 1989).  According to Exhibit "A" attached to his petition [1], petitioner's Motion to Vacate Judgment pursuant to Fed. R. Civ P. 60(b) was denied on June 18, 2009, by the United States District Court of

---

[1] As an initial matter, this Court finds that the proper party respondent in a habeas petition is the petitioner's custodian.  See 28 U.S.C. § 2243.  Thus, the proper respondent in this civil habeas action is Bruce Pearson, Warden of F.C.C.-Yazoo, Yazoo City, Mississippi.

Maryland.

In the instant petition for habeas relief, petitioner's grounds[2] for habeas relief are as follows:

> GROUND ONE:  Claim of voir dire of denial of effective assistance of counsel pursuant to Batson v. Kentucky, 475 U.S. 1137 (1988).
>
> GROUND TWO:  Claim of individual rights of denial of effective assistance of counsel pursuant to Art. 36(1)(b) & §50.5(1)(2)(3).
>
> GROUND THREE:  Request for an evidentiary hearing of counsel.

Petitioner further contends in his amended petition [4] that his Fourth, Sixth, and Fourteenth Amendment rights to effective assistance of counsel have been violated because his attorney failed to have certain alleged illegal evidence suppressed and failed to object on behalf of the petitioner at his trial under the Criminal Justice Act.

According to petitioner, he should be allowed to proceed with the instant § 2241 habeas petition based on the grounds set forth above because of the United States Supreme Court's decision of Massaro v. United States, 538 U.S. 500, 123 S.Ct. 1690, 155 L.Ed. 2d 714 (2003). See Pet. [1] at 8.  Moreover, in his amend petition [4] he further asserts that he meets the savings clause because of several decisions by the United States Supreme Court including, but not limited to, Montejo v. Louisiana, _____ U.S. ____, 129 S. Ct. 2079, 173 L.Ed. 2d 955 (2009); Virginia v. Moore, 553 U.S. 164, 128 S.Ct. 1598, 170 L.Ed. 2d 559 (2008); Rothgery v. Gillespie Co., Tex., 554 U.S. 191, 124 S.Ct. 2578, 171 L.Ed. 2d 366 (2008); Wyoming v. Houghton, 526

---

[2]The attached Exhibit "B" to the petition [1] is the Memorandum Opinion rendered by the United States District Court of Maryland in Maxwell v. U.S., criminal number MJG-87-0371. According to the Memorandum Opinion, the petitioner presented the same grounds for relief as presented to this court in the instant civil action filed pursuant to 28 U.S.C. § 2241.

U.S. 295, 119 S.Ct. 1297, 143 L.Ed. 2d 408  (1999); Atwater v. City of Lago Vista, 532 U.S. 318, 121 S.Ct. 1536, 149 L.Ed. 2d 549 (2001) and Patterson v. Illinois, 487 U.S. 285, 108 S.Ct. 2389, 101 L.Ed. 2d 261 (1988).

As relief, the petitioner is requesting that his conviction and judgment against him be vacated, set aside reversed and expunged.

## Analysis

A petitioner may attack the manner in which his sentence is being executed in the district court with jurisdiction over his custodian pursuant to 28 U.S.C. § 2241.  United States v. Cleto, 956 F.2d 83, 84 (5th Cir.1992).  As the United States Court of Appeals for the Fifth Circuit has recognized, "[a] section 2241 petition on behalf of a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration, and must be filed in the same district where the prisoner is incarcerated." Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000).  On the other hand, "section 2255, not section 2241, is the proper means of attacking errors that occurred during or before sentencing." Ojo v. Immigration and Naturalization Service,106 F.3d 680, 683 (5th Cir.1997) (citing Cox v. Warden, Fed. Detention Ctr., 911 F.2d 1111, 1113 (5th Cir.1990).

Under the circumstances of the instant civil action, it is clear that the petitioner is not challenging the execution of his sentence, but the conviction and sentence itself.  As such, the instant petition "must either be dismissed or construed as a section 2255 motion," Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir.2000), unless the petitioner "can satisfy the mandates of the so-called § 2255 'savings clause,'" Reyes-Requena v. United States, 243 F.3d 893, 901 (5th

Cir.2001).[3]

Case law has made it abundantly clear that "[t]he petitioner bears the burden of demonstrating that the section 2255 remedy is inadequate or ineffective." Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir.2000). The United States Court of Appeals for the Fifth Circuit in Reyes-Requena, in providing guidance as to the factors that must be satisfied for a petitioner to meet the stringent "inadequate or ineffective" requirement, held the savings clause of § 2255 to apply to a claim when both prongs of the test are satisfied, as follows:

> (1) when the claim is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and
> (2) that claim was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Reyes-Requena, 243 F.3d 893, 904 (5th Cir. 2001). The first prong of the test is, essentially, an "actual innocence" requirement, whose "core idea is that the petitioner may be have been imprisoned for conduct which was not prohibited by law." Id. at 903.

This court finds that the petitioner's argument that he meets the "savings clause" of 28 U.S.C. § 2255 based on the decisions of the United States Supreme Court cited by him in his petition [1] and amended petition [4] is not persuasive. To meet the first prong of the Reyes-Requena test, the petitioner must be relying on a decision by the United States Supreme Court which was retroactively applied establishing that the petitioner was convicted of a nonexistent crime. Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir.2001). This Court finds that

---

[3] 28 U.S.C. § 2255 states as follows:
An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is *inadequate or ineffective to test the legality of his detention.*

the decision announced in the cases cited by the petitioner do not establish that the violations of the statues for which the petitioner was found guilty, conspiracy to possess with intent to distribute cocaine and possession with intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1) and 18 U.S.C. § 2, were not a crime at the time of his conviction, and are not a crime today. Clearly, the petitioner was not convicted of a nonexistent crime. See Kinder v. Purdy, 222 F.3d 209, 213 (5th Cir. 2000) ("Where the petitioner's case has been viewed as falling within the savings clause, it was in part because the petitioner arguably was convicted for a nonexistent offense."); see also Jeffers v. Chandler, 253 F.3d 827 (5th Cir. 2001) (The Jeffers Court concluded that simply because Jeffers' jury was not instructed that it had to convict him unanimously on each of the specific violations that made up the alleged continuing series of violations, this did not amount to a claim that he was convicted of a "nonexistent offense" as required by Reyes-Requena). Thus, the petitioner has failed to meet the first prong of the requirements of Reyes-Requena. Because both prongs of the Reyes-Requena test must be met for a claim to benefit from the savings clause, this Court need not address the second prong of the test.

Moreover, the United States Court of Appeals for the Fifth Circuit has held that "[t]his Court and other Courts of Appeals have consistently noted that 'a prior unsuccessful [section] 2255 motion is insufficient, in and of itself, to show the inadequacy or ineffectiveness of the remedy.'" Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir.2000) (quoting McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979)). Likewise, the Fifth Circuit has determined that the inability to meet the AEDPA's second or successive requirement does not make § 2255 inadequate or ineffective. Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001)(citing Tolliver v. Dobre, 211 F.3d 876,

878 (5th Cir. 2000)). Therefore, since the petitioner's claims do not meet the stringent requirements of the savings clause, he will not be allowed to proceed with this action pursuant to 28 U.S.C. § 2241.

## Conclusion

As stated above, § 2241 is not the proper forum to assert petitioner's claims. Therefore, this § 2241 petition will be dismissed without prejudice as frivolous and to the extent that the petition can be construed as a § 2255 motion it will be dismissed with prejudice for this Court's lack of jurisdiction. See Pack v. Yusuff, 218 F.3d 448, 454-55 (5th Cir.2000).

A final judgment in accordance with this memorandum opinion shall be issued.

SO ORDERED, this the ___3rd___ day of November, 2010.

                                       ___s/ David Bramlette___
                                       UNITED STATES DISTRICT JUDGE